UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CANAL INSURANCE COMPANY, )<br>a South Carolina corporation, )<br>)<br>)<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>ROGER M. ROBERTS, and )<br>MARGIE F. ROBERTS, as personal )<br>representative for ESTATE OF )<br>STANLEY ROBERTS, )<br>)<br>)<br>Defendants. )<br>_____ ) | No. CV-06-3069-AAM<br><br>**ORDER DENYING<br>MOTION TO DISMISS<br>COUNTERCLAIM** |

**BEFORE THE COURT** is Plaintiff's "Motion To Dismiss Counterclaim Of Defendant Margie Roberts As Personal Representative Of The Estate Of Stanley Roberts" (Ct. Rec. 11). The motion is heard without oral argument.

In Yakima County Superior Court, Margie Roberts, named defendant in the captioned action, has commenced a wrongful death action on behalf of her deceased husband, Stanley Roberts, against Roger M. Roberts, also a named defendant in the captioned action.

In the captioned action, Plaintiff Canal Insurance Company (Canal) has filed a "Complaint For Declaratory Relief" (Ct. Rec. 1). The Complaint alleges that

**ORDER DENYING MOTION
TO DISMISS COUNTERCLAIM- 1**

Defendant Roger M. Roberts has tendered to Canal, or is expected to tender to Canal, his defense of the wrongful death action, and that he has asked, or is expected to ask, to be indemnified, pursuant to a Basic Automobile Liability Policy issued to him by Canal, for any damages awarded against him in the wrongful death action. Canal asks for a judgment declaring that it has no responsibility under the policy for the defense of Roger M. Roberts, and that it has no responsibility under the policy to pay any damages.

Defendant Margie Roberts has filed an Answer which denies Canal's allegation that there is no insurance coverage, and counterclaims for a judgment declaring there is coverage (Ct. Rec. 9).

Canal moves to dismiss this counterclaim pursuant to Fed. R. Civ. P. 12(b)(6), contending it fails to state a claim upon which relief can be granted because the counterclaim "merely lists a set of factual allegations" and "[t]he issue of whether the insurance policy . . . covers the incident resulting in the death of Stanley Roberts is the very issue raised in [Canal's] declaratory judgment action."

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, or counterclaim as the case may be, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989).

**ORDER DENYING MOTION**
**TO DISMISS COUNTERCLAIM- 2**

The fact Defendant's counterclaim raises the same issues as Plaintiff's claim is inconsequential. It is entirely appropriate that in response to Plaintiff's request for a declaratory judgment that there is no insurance coverage, Defendant Margie Roberts requests a declaratory judgment that there is coverage. Indeed, even if Defendant had not pled a counterclaim, a ruling by the court denying the declaratory judgment sought by Plaintiff would effectively be a declaratory judgment in favor of Defendant finding there is coverage.

Defendant's counterclaim, when considered in conjunction with Defendant's Answer to Plaintiff's Complaint, pleads sufficient facts under a cognizable legal theory. Defendant admits that in Paragraph 14 of Plaintiff's Complaint, Plaintiff contends there is no coverage, but Defendant alleges there is coverage and specifically denies Plaintiff's allegations regarding the bases for there being no coverage. (See Paragraph 5 of Answer and Paragraph 14 of Complaint). A reasonable inference from Defendant's allegations is that the exclusions cited by Plaintiff do not apply. Defendant's allegations are enough to survive a 12(b)(6) motion, but obviously on a Fed. R. Civ. P. 56 summary judgment motion, or at trial, Defendant will not be able to rest on mere allegations and will need to explain in detail and offer supporting evidence why the cited exclusions do not apply.

Plaintiff's "Motion To Dismiss Counterclaim Of Defendant Margie Roberts As Personal Representative Of The Estate Of Stanley Roberts" (Ct. Rec. 11) is **DENIED**.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel of record.

**DATED** this   13th   of November, 2006.


s/ Alan A. McDonald
ALAN A. McDONALD
Senior United States District Judge


**ORDER DENYING MOTION
TO DISMISS COUNTERCLAIM- 3**